# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY CARTER,

    Defendant.

Case No. 2:13-cr-00437-LDG (VCF)

**ORDER**

    Defendant Anthony Carter moves to vacate, set aside, or correct criminal sentence pursuant to 28 U.S.C. §2255 (ECF ## 70,76)[1], which the government opposes (ECF #80). The Court will deny the motion.

    Carter pled guilty to carjacking in violation of 18 U.S.C. §2119 and to using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). He argues that carjacking neither (a) qualifies as a crime of violence (a) under §924(c)'s physical force clause because carjacking can be committed by "intimidation," nor (b) qualifies pursuant to

---

[1]    The government has moved for leave to advise this Court of the Ninth Circuit's decision in *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018), indicating that the present motion is not timely. Carter has moved to stay consideration of his motion (ECF #88) pending the Supreme Court's decision whether to grant certiorari in *Blackstone*.

Section 924(c)'s residual clause, as that clause should be found to be unconstitutional pursuant to the Supreme Court's reasoning in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Two bars exist that preclude Carter from obtaining relief on his motion. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), (2)(B)(ii), was unconstitutionally vague. Carter filed the instant motion arguing that *Johnson* is equally applicable to §924(c) cases and that his instant motion is timely as it was filed within one year of *Johnson*. The Ninth Circuit, however, has held to the contrary, finding that "[t]he Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018). As indicated by the Ninth Circuit, "[t]he Supreme Court may hold in the future that *Johnson* extends to sentences imposed . . . pursuant to 18 U.S.C. § 924(c), but until then [defendant's] motion is untimely." *Id*.

Carter moves to stay consideration of his §2255 motion until the Ninth Circuit issues "the mandate in *Blackstone* or until the United States Supreme Court resolves certiorari of *Blackstone*, whichever is later." As the Ninth Circuit has issued its decision in *Blackstone*, however, this Court is bound to follow that decision. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).

Further, even if the Supreme Court issues certriorari and reverses *Blackstone*, permitting Carter's motion to be considered on its merits, his motion nevertheless fails as the Ninth Circuit has rejected the specific argument raised by Carter: that carjacking is not a crime of violence under the §924(c)'s physical force clause because it can be committed by intimidation.

> To be guilty of carjacking "by intimidation," the defendant must take a motor vehicle through conduct that would put an ordinary, reasonable person in fear of bodily harm, which necessarily entails the threatened use of violent physical force. It is particularly clear that "intimidation" in the federal carjacking statute requires a contemporaneous threat to use force that

satisfies *Johnson [v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)]* because the statute requires that the defendant act with "the intent to cause death or serious bodily harm." 18 U.S.C. § 2119."

*United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017).

Certificate of Appealability

To appeal this order, Carter must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain that certificate, Carter "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted). Though the Supreme Court has not yet decided whether to issue certiorari in *Blackstone*, reasonable jurists cannot debate that the Ninth Circuit has squarely rejected Carter's argument that carjacking is a not a crime of violence under §924(c)'s physical force clause. Accordingly, the Court will decline to issue a certificate of appealability.

Therefore, for good cause shown,

THE COURT **ORDERS** that the United States' Motion for Leave to Advise Court of New Authority (ECF #87) is GRANTED;

THE COURT FURTHER **ORDERS** that Defendant's Motion to Stay (ECF #88) is DENIED;

THE COURT FURTHER **ORDERS** that Defendant's Abridged Motion and Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (ECF ## 70, 76)are DENIED;

THE COURT FURTHER **ORDERS** that Defendant's *pro se* Motion to Stay Interest and Defer Payments (ECF #95), and Letter requesting Credit for Time Served and to Sever Defendant's Joint and Several liability for restitution (ECF #96) are DENIED;

THE COURT FURTHER **ORDERS** that Defendant's unsigned Motion for Appointment of Counsel (ECF No. 68) is DENIED as moot, as counsel was appointed through a general order of the District Court.

DATED this 21 day of June, 2019.

Lloyd D. George
United States District Judge